United States Courts
Southern District of Texas
FILED

DEC 19 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LATIA M. JONES | § | |
| | § | |
| Plaintiff, | § | |
| | § | C. A. |
| V. | § | |
| | § | |
| FJC SECURITY SERVICES INC. | § | |
| | § | |
| Defendant, | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE:

COMES NOW Plaintiff, Latia M. Jones, filing her Original Complaint against Defendant, FJC SECURITY SERVICES INC., and in support thereof would show as follows:

### JURISDICTION, PARTIES AND VENUE

1. This Court has jurisdiction over the causes of action asserted by Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, as amended.

2. Plaintiff, Latia M. Jones ("Plaintiff"), is an individual who resides in Houston, Texas. Plaintiff is a member of a group protected by Title VII of the Civil Rights Act of 1964, as amended, and is an employee of the applicable statute.

3. FJC SECURITY SERVICES INC. ("Defendant") is an entity whose offices are located in the Southern District and which regularly conducts business in Texas, Connecticut, New Jersey, and New York. Defendant was at all relevant times an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended.

4. Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (hereinafter "EEOC") on or about July 02, 2010 in said Charge No. 460-2010-03292. The causes of action complained of herein arose in the Southern District of Texas; Houston Division.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. The EEOC issued a Right to Sue Notice authorizing this lawsuit on September 19, 2012. Plaintiff has exhausted her administrative remedies and files this suit within the statutory limitations period.

6. Plaintiff asserts that she was Retaliated against in violation of Title VII of the Civil Rights Act of 1964, and discriminated against based on Race (Black/African American), and Sex (Female). Defendant has failed to employ Plaintiff into a fulltime position and status within its Firm. Defendant has also failed to promote Plaintiff as requested by Plaintiff.

## FACTUAL BACKGROUND

7. Plaintiff was re-hired by Defendant in February 2010. At the time of hire Defendant (Mark Machi, President Federal Services FJC) guaranteed Plaintiff fulltime status and

Plaintiff's choice of work location. Defendant (Captain Albert Johnson, FJC) assigned Plaintiff to a position working nights secluded from other employees and explained to Plaintiff the reasoning for her work assignment was "It was Management's Decision." In fear of unemployment Plaintiff humbly accepted the assignment.

8. On April 09, 2010 Plaintiff was laid off from her position and no vacancies were available during the day at this location. Plaintiff contacted Defendant (Greg, Project Manager FJC) in search of work hours, Plaintiff was told that "[Albert] Johnson would take care of you."

9. Defendant (Captain Albert Johnson, FJC) contacted Plaintiff and again re-assigned her to a position secluded from other employees but this time in the scorching heat. When Plaintiff asked Defendant (Captain Albert Johnson) for a "better" job assignment, Defendant (Captain Albert Johnson) completely removed Plaintiff from their work schedule and Plaintiff was without hours of work. When Plaintiff contacted Defendant (Captain Albert Johnson) in need of work Plaintiff was told "no there is no work for you."

10. During this time Two Male employees of Defendants firm received complaints from their client and requested their removal from its site. These two male officers were not terminated for violation of a company policy or in fear of losing a client, Defendants two male employees were re-assigned to other positions within Defendants Company. Two vacancies were available for Plaintiff to work but Plaintiff was repeatedly told "there is no available work for you." Females are treated differently from their male counterparts with regards to discipline and terminations at Defendant's company.

11. A labor union (United Government Security Officers Of America Local 237), is in place to represent each employee (member or not) to settle any Grievances an employee may have. Following procedure, and in an attempt to resolve a Company-Related issue

12. Plaintiff filed a Grievance citing the lack of fulltime hours guaranteed by Defendant Mark Machi at the time of hire.

13. Almost instantly Plaintiff's Grievance was ignored and discarded at both the local and International levels.

14. A charge of Employment Discrimination was filed on July 10, 2010; and a determination was rendered on September 19, 2012.

15. Since filing a Charge of Employment Discrimination countless and unexplained disciplinary actions have been taken against Plaintiff by Defendant (Albert Johnson) without just cause.

16. Plaintiff is continuously being denied benefits and forced to accept unpaid wages without any regard to Plaintiff's Civil Rights

## CAUSES OF ACTION

### A. RETALIATION

17. In November 2006, Plaintiff filed an Employment Discrimination Complaint (460-2007-01183) against Defendant (Albert Johnson) for Wrongful Termination, Retaliation and Gender Discrimination

### B. SEX DISCRIMINATION

18. Plaintiff repeats and re-alleges by reference each and every allegation contained

-4-

in paragraphs 7 through 10 and incorporate the same herein as though fully set forth.

19. Defendant, through its agents, supervisors, or employees, engaged in a pattern of Retaliatory decisions and actions of unlawful sex discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended.

20. The above-described sex disparate treatment created an intimidating, oppressive, hostile work environment, interfering with Plaintiff's emotional and physical well-being.

21. Defendant violated Title VII of the Civil Rights Act of 1964, as amended by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of its managers and agents as described above.

22. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against Plaintiff through its agents, supervisors, or employees, Plaintiff has suffered adverse employment actions and decisions.

23. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against Plaintiff through its agents, supervisors, or employees, Plaintiff has suffered and will continue pain and suffering, and extreme and severe mental anguish and emotional distress; and Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

24. As a further direct and proximate result of Defendant's violation of the Title VII Civil Rights Act of 1964, as amended, as heretofore described, Plaintiff is unable to retain the services of counsel to enforce the terms and conditions of the employment and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and

extent of which are presently unknown to Plaintiff, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained. Plaintiff requests that attorney's fees be awarded.

25. The effect of the practices complained of in paragraphs above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee.

## JURY DEMAND

26. Plaintiff requests that this action be heard before a jury.

## DAMAGES

27. Defendant's conduct constitutes violations of statutory law. That unlawful conduct seriously affected Plaintiff in her occupation, trade and business. Because of Defendant's unlawful conduct, Plaintiff has suffered, suffers, and will suffer in the future humiliation, mental anxiety and stress, and other damages. Accordingly, Plaintiff seeks all general, special, incidental and consequential damages all in an amount to be proved at trial.

28. Because of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer out-of-pocket expenses, which include but not limited to: litigation costs, and other expenses to preserve her ability to earn a living. Accordingly, Plaintiff seeks all general, special, incidental and consequential damages as shall be proven at trial.

29. Further, Plaintiff seeks pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, the statutory rate of interest because of

the delay in receiving the damages and to avoid unjust enrichment to Defendant.

30. Plaintiff also seeks post-judgment interest at the maximum rate allowed by law in the event that Defendant does not promptly tender damages assessed against them and to avoid unjustly enriching Defendant.

## PRAYER

WHEREFORE, premises considered, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff has judgment against Defendant for:

a. Permanent injunction enjoining Defendant, its agents, successors, employees, and that acting in consort with Defendant, from continuing to violate Plaintiff's civil rights.

b. All damages to which Plaintiff may be entitled pursuant to this Original Complaint, or any amendment(s) thereto, including but not limited to back pay, reinstatement, front pay, statutory relief at law, and equity;

c. Compensatory damages for pain and mental suffering;

d. Reasonable attorney's fees, with conditional awards in the event of appeal;

e. Pre-judgment interest at the highest rate permitted by law;

f. Post-judgment interest from the judgment until paid at the highest rate permitted by law;

g. Costs of court; and

h. Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by any amendment hereto.

Respectfully submitted.

_/s/ LaTia Jones_
LaTia Jones
8600 South Course Apt. 2211
Houston, TX 77099
(281) 673-6073